IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENT SCOTT BAILEY, | |
| Petitioner, | 8:17-CV-254 |
| vs. | |
| UNITED STATES OF AMERICA, | MEMORANDUM AND ORDER |
| Respondent. | |

    This matter is before the Court on Brent Bailey's petition for writ of habeas corpus (filing 1) and some associated motions. The petition will be dismissed, Bailey's motion for copies will be denied, and Bailey's motion to proceed in forma pauperis will be granted.

    Bailey's petition is asserted pursuant to 28 U.S.C. § 2241, *see* filing 1 at 1, which sets forth the Court's authority to grant writs of habeas corpus. But there are two significant problems with Bailey's petition. The first is that, for a § 2241 petition, it is asserted in the wrong district. A § 2241 petition should be brought in the district of incarceration. *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009); *see Rumsfeld v. Padilla*, 542 U.S. 426, 442-50 (2004). In Bailey's case, at present, that is the Southern District of Illinois. *See* filing 1 at 6. Jurisdiction does not lie in Nebraska. *See Padilla*, 542 U.S. at 443.

    The other problem, however, is that Bailey's claims do not support a proper § 2241 petition. A claim attacking the validity of a conviction or sentence is properly entertained in a 28 U.S.C. § 2255 motion before the sentencing court. *Nichols*, 553 F.3d at 649. On the other hand, a claim attacking the execution of that sentence should be brought in a § 2241 petition. *Nichols*, 553 F.3d at 649. While Bailey invokes § 2241, the *substance*

of his claims plainly attacks the validity of his conviction and sentence. *See* filing 1. They belong in a § 2255 motion, not a § 2241 petition.

The difficulty for Bailey, of course, is that he has already filed a § 2255 motion, and it was denied. *See United States v. Bailey*, No. 4:12-CR-3034, 2013 WL 6713173 (D. Neb. Dec. 19, 2013). And he may not file a second or successive § 2255 motion without leave from the U.S. Court of Appeals for the Eighth Circuit. *See* 28 U.S.C. § 2244. Nor may he accomplish an "end run" around § 2244 by restyling his § 2255 claims as a § 2241 petition. *See Abdullah v. Hedrick*, 392 F.3d 957, 959-60 (8th Cir. 2004).[1] In short, Bailey's purported § 2241 petition is actually an improper successive § 2255 motion— and, even if it *was* a proper § 2241 petition, it's been filed in the wrong place. Accordingly, the Court will dismiss the petition. *See* 28 U.S.C. § 1915A.

Bailey also filed two motions along with his § 2241 petition. His motion to proceed in forma pauperis (filing 2) will be granted. His other motion, however, is a demand that the Court prepare transcripts of his entire criminal proceedings and provide him with copies.[2] *See* filing 4. But Bailey does not have a right to receive copies of documents without payment. *See*, 28 U.S.C. § 1915; *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1056 (8th Cir. 1984); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074, 1075 (8th Cir. 1980); *see also, Jackson v. Fla. Dep't of Fin. Servs.*, 479 Fed. Appx. 289, 292-93 (11th

---

[1] While the "savings clause" of § 2255(e) permits a § 2241 petition if the § 2255 remedy is inadequate or ineffective to test the legality of a conviction or sentence, the inmate bears the burden of showing that the remedy is inadequate or ineffective, and the procedural bar presented by a previous § 2255 motion does not suffice. *See*, *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010); *Abdullah*, 392 F.3d at 959-64.

[2] It is not clear whether Bailey intended this motion to be filed with his § 2241 petition or in the underlying criminal case, but because they were sent together, the Court has assumed that the motion is connected to the § 2241 petition. It is without merit either way.

Cir. 2012); *Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009); *Harless v. United States*, 329 F.2d 397, 398-99 (5th Cir. 1964); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964); *Hullom v. Kent*, 262 F.2d 862, 863-64 (6th Cir. 1959); *In re Fullam*, 152 F.2d 141, 141 (D.C. Cir. 1945). The Court sees no basis to subsidize Bailey's frivolous litigation.

IT IS ORDERED:

1. Bailey's 28 U.S.C. § 2241 petition (filing 1) is dismissed without prejudice.

2. Bailey's motion to proceed in forma pauperis (filing 2) is granted.

3. Bailey's motion for copies (filing 4) is denied.

4. A separate judgment will be entered.

Dated this 14th day of July, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge